1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FEDERAL NATIONAL MORTGAGE
     ASSOCIATION,
12
                    Plaintiff,              Case No. 2:11-cv-01110-KJM-GGH
13
            vs.
14
     MICHAEL D. BAHAN,
15
                    Defendant.              ORDER
16   _____/

17          This matter comes before the court upon plaintiff's motion to remand and for

18   award of attorneys' fees and costs. (ECF 11.) For the following reasons, the court GRANTS

19   plaintiff's motion to remand and DENIES plaintiff's motion for attorneys' fees and costs.

20   I.     FACTS AND PROCEDURAL HISTORY

21          On April 14, 2011, plaintiff filed an action for unlawful detainer against

22   defendant in the Superior Court of the State of California, County of Placer. Plaintiff alleged that

23   defendant remains in unlawful possession of plaintiff's property located at 757 Deer Park Drive

24   in Lincoln, California, in violation of Section 1161a of the California Code of Civil Procedure.

25   (Compl. ¶¶ 1, 10, ECF 1.) This action was assigned case number MCV-0050607. (Notice of

26   Removal ¶ 1, ECF 1.)

                                               1

1       On April 25, 2011, defendant filed a Notice of Removal in this court.  (Notice of

2   Removal, ECF 1.) The Notice of Removal asserts plaintiff's action is properly removed to this

3   court under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1441(b) (actions

4   removable without regard to citizenship or residence of the parties). Specifically, the Notice

5   argues that plaintiff's action is subject to this court's jurisdiction based on (1) plaintiff's alleged

6   violation of federal law governing wrongful and fraudulent taking of property (Notice of

7   Removal ¶ 4, ECF 1); (2) alleged denial of defendant's rights guaranteed by the Fifth and

8   Fourteenth Amendments to the Constitution (*id.* ¶ 11); (3) plaintiff's alleged violation of statutes

9   and regulations prohibiting securities fraud (*id.* ¶ 14); and (4) the "sue-and-be-sued" provision in

10  plaintiff's federal charter (*id.* ¶ 15).

11      On May 13, 2011, plaintiff filed a Motion to Remand and Request for Attorneys'

12  Fees and Costs. (Mot. to Remand, ECF 11.)

13  II.    DISCUSSION

14      A.    Motion to Remand

15          i.    Legal Standard

16      District courts have original jurisdiction over "all civil actions arising under the

17  Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The federal removal

18  statute provides that "any civil action brought in a State court of which the district courts of the

19  United States have original jurisdiction, may be removed by the defendant or the defendants, to

20  the district court of the United States for the district and division embracing the place where such

21  action is pending." 28 U.S.C. § 1441(a).

22      In the Ninth Circuit, courts must "strictly construe the removal statute against

23  removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (citing

24  *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*,

25  765 F.2d 815, 818 (9th Cir. 1985)).  Furthermore, "[f]ederal jurisdiction must be rejected if there

26  is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica*

2

1  *Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  This "'strong presumption' against removal

2  jurisdiction means that the defendant always has the burden of establishing that removal is

3  proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir.

4  1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

5          A defendant's ability to carry this burden is restricted by the "well-pleaded

6  complaint rule," which dictates that "federal jurisdiction exists only when a federal question is

7  presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*,

8  482 U.S. 386, 392 (1987). According to the Ninth Circuit, "the existence of federal jurisdiction

9  depends solely on the plaintiff's claims for relief and not on anticipated defenses to those

10  claims." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108,

11  1113 (9th Cir. 2000). Indeed, "the federal issue 'must be disclosed upon the face of the

12  complaint, unaided by the answer or by the petition for removal' " in order for a cause of action

13  to be removed to federal court. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th

14  Cir. 2004) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)).[1]

15          There are three limited exceptions to the well-pleaded complaint rule allowing

16  federal jurisdiction over an action originally based in state law, and thus supporting removal.

17  These exceptions exist "where federal law completely preempts state law, where the claim is

18  necessarily federal in character, or where the right to relief depends on the resolution of a

19  substantial, disputed federal question." *ARCO Envtl. Remediation,* 213 F.3d at 1114 (internal

20  citations omitted).

21          The court applies these standards to defendant's arguments below.

22          ii.     Federal Law

23          Defendant contends that plaintiff's purchase of the dwelling where defendant

24  resides fails to comply with a number of federal laws and regulations, including 15 U.S.C.

25  _____

26          [1] *Dynegy* was amended on other grounds, following a denial of rehearing.  *See* 387 F.3d 966 (9th Cir. 2004).

§ 1639, 12 U.S.C. § 2601, 15 U.S.C. § 1601, 15 U.S.C. § 1681 and 12 C.F.R. § 226 (known as "Regulation Z"). (Notice of Removal ¶¶ 4, 9, ECF 1.) Defendant does not argue or demonstrate that these laws preempt the sections of the California Code of Civil Procedure that plaintiff claims were violated. (*See* Notice of Removal ¶ 9, ECF 1.) Defendant also does not allege that plaintiff's original cause of action is simply an artfully concealed federal claim. *See HSBC Bank USA, N.A. v. Hatchett*, 2011 WL 776214, at *2 (C.D. Cal. Feb. 24, 2011) (relying on *Sullivan v. First Affiliated Sec.*, 813 F.2d 1368 (9th Cir. 1987) in concluding that a Notice of Removal mentioning only a state cause of action "does not allege that the Complaint contains a federal claim in disguise"). Nor does defendant show that analysis of plaintiff's state-law unlawful detainer claim will necessarily turn on construction of the federal laws defendant claims plaintiff violated. *See OneWest Bank FSB v. Ignacio*, 2010 WL 2696702, at *2 (E.D. Cal. July 6) (concluding that an unlawful detainer claim based solely on state law "does not depend on the resolution of any question of federal law"), *adopted*, No. 2:10-cv-01683 (E.D. Cal. Aug. 18, 2010), ECF No. 5.

Defendant has not met any of the three exceptions to the well-pleaded complaint rule that would allow plaintiff's state claims to support federal jurisdiction.

iii.   Constitutional Defenses

Defendant also argues the unlawful detainer process at issue violates defendant's Fifth and Fourteenth Amendment due process rights, providing grounds for jurisdiction. (Notice of Removal ¶¶ 11-13, ECF 1.) Neither the Fifth nor Fourteenth Amendment is mentioned on the face of plaintiff's state-law action, as required by the well-pleaded complaint rule. *See Caterpillar*, 482 U.S. at 392. While defendant's defenses grounded in these Amendments are

/////

/////

/////

/////

4

1  federal, the defenses do not convert plaintiff's original complaint to one that "is necessarily

2  federal in character." *ARCO Envtl. Remediation*, 213 F.3d at 1114 (citations omitted).[2]

3                    iv.    Federal Securities Law

4              Defendant argues that this court has jurisdiction because plaintiff "at the very

5  minimum" violated the Securities Exchange Act of 1934. (Notice of Removal ¶ 15, ECF 1.)

6  Defendant also alleges plaintiff violated Sections 206(1), 206(2), and 206(4) of the Investment

7  Advisers Act of 1940, which contain federal prohibitions against fraud by investment advisers

8  (Notice of Removal ¶ 14, ECF 1), as well as Rule 206(4)-8, promulgated by the U.S. Securities

9  and Exchange Commission "to clarify . . . the Commission's ability to bring enforcement actions

10 under the Investment Advisers Act of 1940 against investment advisers who defraud investors in

11 a hedge fund or other pooled investment vehicle." *Id.*; *see* 15 U.S.C. § 80b-6(1), (2) & (4) and 17

12 C.F.R. § 275.206(4)-8.

13             As noted above, "the existence of federal jurisdiction depends solely on the

14 plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl.*

15 *Remediation,* 213 F.3d at 1113. None of the securities laws defenses falls within any of the

16 narrow exceptions to the well-pleaded complaint rule, and thus they all are insufficient to create

17 removal jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, __, 129 S. Ct. 1262, 1272 (2009)

18 (holding that "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense").

19

20         [2] See also *ELRE Holdings, L.L.C. v. Johnson*, 2010 WL 4393268, at *3 (C.D. Cal.
   Nov. 1, 2010) (a defendant's allegations that "unlawful detainer procedures violate due process
21 . . . do not transform a state law cause of action into a federal claim."); *MAC 1 Invs., L.L.C. v.
   Boceta*, 2010 WL 4054467, at *2 (C.D. Cal. Oct. 14, 2010) (noting that defendant's stated
22 intention to file a cross-complaint alleging violations of the Fifth Amendment would not defeat
   the well-pleaded complaint rule because "a defendant's claims or defenses may not serve as a
23 basis for removal")*; Alvernaz Partners, L.L.C. v. Gonzalez*, 2010 WL 3447678, at *3 (N.D. Cal.
   Aug. 30, 2010) ("[t]o the extent that Defendant . . . believes that the state court action was filed
24 in violation of Defendant's due process rights, those issues do not provide a basis for removal");
   *Fannie Mae v. Cabesas*, 2011 WL 830145, at *2 (E.D. Cal. March 2), *adopted*, No. 2:10-cv-
25 03125 (E.D. Cal. Apr. 21, 2011), ECF No. 12 (defendant's "apparent attempt at creating federal
   subject matter jurisdiction by simply adding claims or defenses to a petition for removal will not
26 succeed").

1          v.      Sue-and-be-sued Provision in Plaintiff's Charter

2          Finally, defendant argues that the "sue-and-be-sued" clause in plaintiff's

3  Congressional charter confers federal jurisdiction over plaintiff's unlawful detainer claim.

4  (Notice of Removal ¶ 15, ECF 1.) The Federal National Mortgage Association's charter states

5  that plaintiff may "sue and be sued . . . in any court of competent jurisdiction, State or Federal."

6  12 U.S.C. § 1723a(a).  This charter language is often compared to the American Red Cross's

7  federal charter, which states it may "sue and be sued in courts of law and equity, State or

8  Federal, within the jurisdiction of the United States." 36 U.S.C. § 300105(a)(5).  The United

9  States Supreme Court has indicated that this kind of language could be read to confer federal

10  jurisdiction on all actions to which a chartered entity is a party, so long as the charter

11  "specifically mentions the federal courts." *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 255

12  (1992). At least one circuit court has interpreted *Red Cross* categorically to hold that federal

13  subject matter jurisdiction exists if a case implicates a sue-and-be-sued provision that "expressly

14  refers to the federal courts in a manner similar to the Red Cross statute." *Pirelli Armstrong Tire*

15  *Corp. Retiree Med. Benefits Trust ex rel. Fed. Nat'l Mortg. Ass'n v. Raines*, 534 F.3d 779, 784

16  (D.C. Cir. 2008).

17          While there is no Ninth Circuit decision directly on point, cases in this district

18  have distinguished plaintiff's charter from the statute at issue in *Red Cross*. *See Fed. Nat'l*

19  *Mortg. Ass'n v. Bridgeman*, 2010 WL 5330499 (E.D. Cal. Dec. 20, 2010), *adopted*, No. 2:10-cv-

20  02619 (E.D. Cal. March 1, 2011), ECF No. 71; *Fannie Mae v. Cabesas*, 2011 WL 830145 (E.D.

21  Cal. March 2), *adopted*, No. 2:10-cv-03125 (E.D. Cal. Apr. 21, 2011), ECF No. 12; *Fed. Nat'l*

22  *Mortg. Ass'n v. Sandoval*, 2011 WL 976708 (E.D. Cal. March 16), *adopted,* 2011 WL 1674843

23  (E.D. Cal. May 2, 2011). In *Bridgeman*, the court reasoned that while "Section 1723a(a) permits

24  Fannie Mae to be sued in federal court, the plain language of that statute requires that an

25  independent basis for subject matter jurisdiction exist to sue Fannie Mae in federal court." 2010

26  WL 5330499, at *6. The court came to similar conclusions in *Cabesas* and *Sandoval*. *See*

6

*Cabesas*, 2011 WL 830145, at *2 (endorsing a statutory construction of Fannie Mae's charter which "differentiat[es] between state and federal courts that possess 'competent' jurisdiction, i.e., an independent basis for jurisdiction, from those that do not" (citing *Knuckles v. RBMG, Inc.*, 481 F. Supp. 2d 559, 563 (S.D.W.Va. 2007))); *Sandoval*, 2011 WL 976708, at *3 (reasoning that inclusion of the words "of competent jurisdiction" in plaintiff's charter "required an independent basis of jurisdiction, because to construe otherwise would render the emphasized language 'to be sued in *any* court of competent jurisdiction, *State* or Federal,' ineffectual" (citing *Rincon del Sol v. Lloyd's of London*, 709 F. Supp. 2d 517, 524 (S.D. Tex. 2010)) (emphases in original)).

The outcome is the same for charters that use language similar to plaintiff's. In *Fed. Home Loan Bank of San Francisco v. Deutsche Bank Secs., Inc.*, 2010 WL 5394742 (N.D. Cal. Dec. 20, 2010), the Northern District of California examined legislation creating the Federal Home Loan Bank system, which allows for chartered banks "to sue and be sued . . . in any court of competent jurisdiction, State or Federal." *See* 12 U.S.C. § 1432(a). Reasoning that the Supreme Court's *Red Cross* rule established that "a sue-and-be-sued clause is necessary, but not sufficient, to confer [federal] jurisdiction," the Northern District concluded that actions against Federal Home Loan Banks may only be removed to federal court "if there is an independent basis for jurisdiction." *Fed. Home Loan Bank*, 2011 WL 5394742, at *7. The Northern District echoed the holdings of *Cabesas* and *Sandoval* on this question: "the [Bank charter's] 'competent jurisdiction' clause would be superfluous if it did not necessitate a separate jurisdictional grant." *Id.*

The analyses conducted by district courts in the Ninth Circuit are consistent with the reasoning employed by the Ninth Circuit in the analogous case of *Doe v. Mann*, 415 F.3d 1038 (9th Cir. 2005). In *Mann*, the Ninth Circuit held that a statute allowing Native Americans to petition "*any* court of competent jurisdiction" to challenge judicial termination of their parental rights "alone does not create subject-matter jurisdiction in the federal district court." *Id.*

1   at 1045 (emphasis in original). Focusing on the statute's "any court of competent jurisdiction"

2   terminology that is reflected in plaintiff's charter, the Ninth Circuit undertook to "determine

3   whether the federal district court had jurisdiction from an independent source." *Id. Mann*

4   supports the conclusion that a federal charter allowing an entity to sue and be sued in "any court

5   of competent jurisdiction" cannot of itself create subject matter jurisdiction in the federal courts.

6          Here, the words "in any court of competent jurisdiction" in plaintiff's charter

7   distinguish it from the Red Cross's charter, providing that the Red Cross may "sue and be sued

8   in courts of law and equity, State or Federal, within the jurisdiction of the United States."

9   Reading plaintiff's charter as conferring a level of federal jurisdiction equivalent to that

10  conferred by the Red Cross's charter would nullify the words "of competent jurisdiction" in

11  plaintiff's charter, 12 U.S.C. § 1723a(a), and violate the "canon of statutory construction that

12  favors interpretations that give a function to each word in a statute." *Scheidler v. Nat'l Org. for

13  Women, Inc.*, 547 U.S. 9, 21 (2006).

14         The sue-and-be-sued provision in plaintiff's federal charter is insufficient to

15  establish original jurisdiction in this court.

16         B.      Motion for Attorneys' Fees and Costs

17                 i.      Legal Standard

18         The federal removal statute provides that "an order remanding the case may

19  require payment of just costs and any actual expenses, including attorney fees, incurred as a

20  result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has limited courts' discretion in

21  awarding attorneys' fees, absent "unusual circumstances," to cases in which "the removing party

22  lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*,

23  546 U.S. 132, 141 (2005). When considering a motion to award fees alongside a motion to

24  remand for lack of federal subject matter jurisdiction, "district courts retain discretion to

25  consider whether unusual circumstances warrant a departure from the rule" that attorney's fees

26  /////

8

1  are to be awarded only where there was no objectively reasonable basis for a defendant to

2  attempt removal. *Id.*

3          ii.   <u>Analysis</u>

4          As discussed above, courts disagree as to whether sue-and-be-sued provisions in

5  federal charters create federal jurisdiction over actions involving chartered entities, and there is

6  no controlling Ninth Circuit precedent.  Under these circumstances, it was not unreasonable for

7  defendant to put forth an argument for federal jurisdiction based on the language of plaintiff's

8  federal charter.  The court's denial of removal jurisdiction does not mean defendant "lacked an

9  objectively reasonable basis for seeking removal" in the first place. *Martin*, 546 U.S. at 141. The

10  court declines to award attorneys' fees to plaintiff.

11  III.   <u>CONCLUSION</u>

12          For the foregoing reasons, plaintiff's motion to remand to the state court is hereby

13  GRANTED. Plaintiff's motion for attorneys' fees and costs is DENIED.

14          Accordingly, IT IS HEREBY ORDERED that:

15          1. This case is hereby ordered remanded to the Superior Court of the State of

16  California, County of Placer; and

17          2. This case is closed and all dates in this matter are vacated.

18  DATED: July 15, 2011.

19

20                                _____

21                          UNITED STATES DISTRICT JUDGE

22

23

24

25

26